1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   LENA JAMIL,                          Case No. 2:22-cv-08130-FLA (AFMx)

12                      Plaintiff,
                                          **ORDER TO SHOW CAUSE WHY**
13            v.                          **ACTION SHOULD NOT BE**
                                          **DISMISSED FOR LACK OF**
14                                        **SUBJECT MATTER JURISDICTION**
     MERCEDES-BENZ USA, LLC,
15
                        Defendant.
16

17

18

19        Federal courts are courts of "limited jurisdiction," possessing only "power

20   authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of*

21   *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to

22   lack jurisdiction unless the contrary appears affirmatively from the record.  *See*

23   *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal

24   courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the

25   merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

26        The Class Action Fairness Act ("CAFA") vests original jurisdiction in district

27   courts over a purported class action if all the following requirements are met: (1) the

28   amount in controversy exceeds $5,000,000; (2) at least one putative class member is a

1    citizen of a state different from any defendant; and (3) the putative class exceeds 100

2    members.  28 U.S.C. § 1332(d)(2), (5).

3        A complaint filed in federal court must contain "a plausible allegation that the

4    amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin*

5    *Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where a party contests or the

6    court questions another party's allegations concerning the amount in controversy, both

7    sides shall submit proof and the court must decide whether the party asserting

8    jurisdiction has proven the amount in controversy by a preponderance of the

9    evidence.  *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

10   time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

11       This procedure applies equally to the amount in controversy requirement in

12   CAFA actions.  "When plaintiffs . . . have prepared a complaint that does not assert

13   the amount in controversy, or that affirmatively states that the amount in controversy

14   does not exceed $5 million, if a defendant wants to pursue a federal forum under

15   CAFA, that defendant in a jurisdictional dispute has the burden to put forward

16   evidence showing that the amount in controversy exceeds $5 million . . . and to

17   persuade the court that the estimate of damages in controversy is a reasonable one."

18   *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  "Under this

19   system, CAFA's requirements are to be tested by consideration of real evidence and

20   the reality of what is at stake in the litigation, using reasonable assumptions

21   underlying the . . . theory of damages exposure."  *Id.*  As a result, the party asserting

22   jurisdiction in CAFA actions bears the burden to put forward allegations and

23   sufficient evidence that the amount in controversy exceeds $5 million.

24       The court has reviewed the Complaint in this action and is presently unable to

25   conclude it has subject matter jurisdiction under CAFA.  In particular, and without

26   limitation, the court finds that the allegations in the Complaint do not demonstrate by

27   a preponderance of the evidence that the amount in controversy exceeds $5 million.

28       Accordingly, the parties are ORDERED TO SHOW CAUSE, in writing only,

within fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction.  The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length.  The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Plaintiff's demonstration of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to respond timely and fully to this Order shall result in dismissal of the action without further notice.

IT IS SO ORDERED.

Dated: August 30, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge