UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LENA JAMIL, et al.,

Plaintiffs,

v.

MERCEDES-BENZ USA, LLC,

Defendant.

Case No. 2:22-cv-08130-FLA (AJRx)

**ORDER TO SHOW CAUSE WHY DEFENDANT, ALL COUNSEL OF RECORD FOR DEFENDANT, AND WINSTON TAYLOR LLP SHOULD NOT BE SANCTIONED FOR MISCONDUCT**

On July 31, 2026, the court issued the Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and Denying in Part Defendant's Motion for Leave to File Notice of Supplemental Authority (the "Summary Judgment Order"). Dkt. 157. In the Summary Judgment Order, the court noted Defendant Mercedes-Benz USA, LLC ("Defendant") raised arguments that "reflect either a fundamental misunderstanding or misrepresentation to the court of [the doctrine of equitable tolling for fraudulent concealment and the discovery rule] and the cases cited, and [were] wholly frivolous." *Id.* at 7–8 & n. 8. The court further noted Defendant quoted *In re Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices, & Products Liability Litigation*, 959 F. Supp. 2d 1244, 1249–50 (C.D. Cal. 2013), to argue that, "[t]o survive summary judgment, [P]laintiffs must prove 'that their vehicle

actually contained the defect they allege, and that such defect caused the injurious symptoms alleged,'" even though the quoted language does not appear anywhere in *In re Toyota*. Dkt. 157 at 12 n. 12 (quoting Dkt. 90 at 17 & Dkt. 116 at 19). Defendant also misrepresented other cases, including *Cirulli v. Hyundai Motor Co.*, Case No. 8:08-cv-00854-AG (MLGx), 2009 WL 4288367, at *4 (C.D. Cal. Nov. 9, 2009). Dkt. 157 at 11 n. 11.

On August 7, 2026, Defendant filed a Notice of Errata Regarding Citation in Summary Judgment Briefing ("Notice of Errata"), "acknowledg[ing] the error the [c]ourt observed" and stating "[t]he intended source of the quotation is *Grimstad v. FCA US LLC*, No. 2:17-cv-01751-DMG-PJW, 2018 WL 6427339, at *6 (C.D. Cal. Dec. 3, 2018), which includes the quoted language and discusses and cites *In re Toyota* for that proposition." Dkt. 158 at 2. According to Defendant, "during the drafting and cite-checking process for the Motion, the *Grimstad* citation was deleted from what was originally a string citation and the quote at issue was inadvertently attributed to *In re Toyota* instead." *Id.*

*Grimstad v. FCA US LLC*, bears Case No. 8:16-cv-00763-JVS-Ex[1] and was assigned to District Judge James V. Selna (JVS) and Magistrate Judge Charles F. Eick (E). Case No. 2:17-cv-01751-DMG-PJW, which Defendant attributes to *Grimstad*, actually belongs to *Adam J. Daniels v. Nancy A. Berryhill*, and was assigned to District Judge John F. Walter (JFW) and Magistrate Judge John E. McDermott (JEM), before the parties consented to proceed before Magistrate Judge McDermott (JEM) alone. *Grimstad* was never assigned to Chief Judge Dolly M. Gee (DMG) or former Magistrate Judge Patrick J. Walsh (PJW).

Furthermore, *Grimstad* does not support Defendant's contention that, "[t]o survive summary judgment, [P]laintiffs must prove 'that their vehicle actually

---

[1] Westlaw identifies *Grimstad* as Case No. SACV 16-00763 JVS(Ex), which is a different presentation of and functionally identical to Case No. 8:16-cv-00763-JVS-Ex under the Central District of California's numbering conventions.

contained the defect they allege, and that such defect caused the injurious symptoms alleged,'" Dkt. 90 at 17 & Dkt. 116 at 19. Instead, the relevant passage from *Grimstad*, 2018 WL 6427339, at *6 (underline added), states: "To defeat summary judgment, Plaintiffs must provide evidence sufficient to create a genuine issue of material fact that their vehicle actually contained the defect they allege, and that such defect caused the injurious symptoms alleged." Unlike Defendant's miscitation of this passage, which appears to reflect a fundamental misunderstanding of the applicable legal standard on a motion for summary judgment, *Grimstad* states correctly that a party opposing a motion for summary judgment "must provide evidence sufficient to create a genuine issue of material fact" regarding the existence of the defect alleged—not that it must prove its existence.

In light of Defendant and its counsel's repeated filing of briefs in this court with miscitations, misattributed quotations, and gross misrepresentations of real cases and legal doctrines, the court ORDERS Defendant and all counsel of record for Defendant (Frank A. Battaglia, Jeffrey Scott Wilkerson, Shawn R. Obi, and Troy M. Yoshino) to show cause ("OSC") why they and their law firm, Winston Taylor LLP, should not be sanctioned for misconduct. *See* Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."). Such sanctions may include: (1) public or private reprimand; (2) monetary sanctions in excess of $1,000 against each attorney of record for Defendant; (3) imposition of costs and attorney's fees incurred by Plaintiffs in responding to Defendant's briefs; (4) disqualification of Defendant's counsel of record and Winston Taylor LLP from continuing to represent Defendant in this action; (5) suspension from practice before the Central District of California for up to three years against each attorney and Winston Taylor LLP; (6) disbarment; (7) referral of the matter to the appropriate state bar agency for investigation and disposition; (8) referral of the matter to this court's Standing Committee on Discipline; (9) mandatory disclosures to all judges and opposing counsel in cases in all state and

federal courts where Defendant's counsel have made appearances, as well as clients they represent; and (9) any other sanction the court deems appropriate. *See Malkeet LNU v. Blanche*, 177 F.4th 1014, 1031–32 (9th Cir. 2026); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197, 1199 (9th Cir. 1999); *Malone v. U.S. Postal Service*, 833 F.2d 128, 132 n. 1 (9th Cir. 1987); Local Rules 83-3.1, 83-7.

The court SETS the OSC for hearing on January 13, 2027, at 3:00 p.m. Defendant and its counsel of record shall be present in person at the hearing. Defendant and its counsel are ORDERED to file a written response to the OSC on or before December 11, 2026, which must be signed by lead trial counsel. The response shall address counsel of record's potential violations of Fed. R. Civ. P. 11(b) and failure to satisfy their duties of competence, diligence, and candor under California Rules of Professional Conduct 1.1, 1.3, 3.1(a)(2), and 3.3(a)(1).[2] *See Blanche*, 177 F.4th at 1023–31 (imposing sanctions on attorneys for misuse of generative AI tools and concealment of and failure to disclose the misuse).

Defendant's counsel are further ORDERED to provide Defendant's general counsel with copies of the Summary Judgment Order (Dkt. 157), this OSC, and the *Blanche* decision within two (2) days of this OSC, and to attest in their response to the OSC that they have done so.

IT IS SO ORDERED.

Dated: November 18, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] Perhaps tellingly, the Notice of Errata states the misattribution of language to *In re Toyota* instead of *Grimstad* "occurred as a result of human—not AI-error," Dkt. 158 at 2, even though this court did not discuss the possible use of generative AI in the Summary Judgment Order or suggest the errors and misrepresentations in Defendant's briefs were the result of such misuse.